**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff, and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DOUGLAS WEBB, on behalf of himself and all others similarly situated, | |
| Plaintiff, | Civil Action No. |
| vs. | **CLASS ACTION COMPLAINT AND JURY TRIAL DEMAND** |
| GC SERVICES LIMITED PARTNERSHIP, | |
| Defendant. | |

Plaintiff DOUGLAS WEBB, on behalf of himself and all others similarly situated (hereinafter "Plaintiff"), by and through his undersigned attorney, alleges against the above-named Defendant GC SERVICES LIMITED PARTNERSHIP, its employees, agents, and successors, the following:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for actual and statutory damages and declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. §

1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this jurisdiction.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5. Plaintiff demands a jury trial on all issues.

## PARTIES

6. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

7. Plaintiff is a natural person and resident of Essex County, in the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8. Based upon information and belief, Defendant GC SERVICES LIMITED

PARTNERSHIP ("GC" or "Defendant") is a Texas Partnership with its principle place of business located at 6330 Gulfton Street, Suite 440, Houston, Texas 77081.

9. Based upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another. Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

## CLASS ACTION ALLEGATIONS

10. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

11. This Action is properly maintained as a class action.

The Class consists of:

- All New Jersey consumers who received a voicemail message from the Defendant attempting to collect a debt or alleged debt, that: a) fails to meaningfully disclose the caller's identity; and/or b) fails to notify the consumer that the call is from a debt collector.

- The Class period begins one year prior to the filing of this Action.

12. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of

3

all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection voicemail messages from the Defendant that violate specific provisions of the FDCPA.

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether Defendant violated various provisions of the FDCPA.

    b. Whether Plaintiff and the Class have been injured by the Defendant's conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.  Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If the Defendant's conduct is allowed to proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains;

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

**FACTUAL ALLEGATIONS**

13. Plaintiff was at all times with respect to this lawsuit a "consumer" as that term is defined by 15 U.S.C. §1692a(3)

14. The Debt arose out of a transaction in which money, property, insurance or services, which were the subject of the transaction, and were primarily for personal, family or household purposes.

15. The Debt obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

16. On or about January 16, 2017, Plaintiff received a voicemail message from Defendant with a caller Id number of 862-354-6306.

17. The January 16, 2017 voicemail message stated, "Hello this message is for Doug Webb.  My name is Nicole Smith.  Please call me at 877-551-9758"

18. The January 16, 2017 voicemail message was Defendant's initial communication to Plaintiff.

19. On May 20, 2017, Plaintiff received a voicemail message from Defendant with a caller Id number of (862) 203-3792.

20. The May 20, 2017 voicemail message stated, "This message is for Doug Webb. This is Shauna Simmons.  Please call me at (877) 551-9781."  This voicemail message was left on a Saturday.

21. On May 30, 2017, Plaintiff received a voicemail message from Defendant with a caller Id number of (862) 203-3792.

22. The May 30, 2017 voicemail message stated, "This message is for Doug Webb. This is Shauna Simmons.  Please call me at (877) 551-9781."

23. Defendant regularly called New Jersey consumers without leaving information as to who was calling and whether and/or that the call was from a debt collector.

24. Plaintiff suffered injury in fact by being subjected to the unfair and abusive practices of Defendant.

25. Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications.

26. Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

27. Defendant failed to disclose its identity in voicemail messages left for Plaintiff.

28. Plaintiff suffered a concrete injury because the alleged deprivation of Plaintiff's right to receive the statutorily mandated disclosures is "not hypothetical" or "conjectural". Rather it is a real harm that Congress has elevated to the status of a legally cognizable injury through the FDCPA.

29. As a result of Defendant's conduct, Plaintiff suffered an actual, concrete injury as a result of Defendant's failure to provide Plaintiff information required under the FDCPA.

30. The failure of Defendant to provide complete information impeded Plaintiff's ability to make a well-reasoned decision and impacted his ability to decide on how to proceed with respect to the matter.

31. The deceptive communications additionally violated the FDCPA since

they frustrated Plaintiff's ability to intelligently choose his or her response.

## COUNT ONE

### (Fair Debt Collection Practices Act Violation)

32. Plaintiff repeats the allegations contained in paragraphs 1 through 31 as if the same were set forth at length.

33. Defendant violated 15 U.S.C. § 1692 et seq. of the FDCPA in connection with its communications sent to Plaintiff.

34. Defendant violated 15 U.S.C. § 1692c(a)(1) by contacting Plaintiff at an inconvenient time.

35. Defendant violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse Plaintiff in connection with the collection of a debt.

36. Defendant violated 15 U.S.C. § 1692d(6) by placing telephone calls without meaningful disclosure of the caller's identity.

37. Defendant violated 15 U.S.C. § 1692e by the use of any false, deceptive or misleading representation or means in connection with the collection of any debt.

38. Defendant violated 15 U.S.C. § 1692e(11) by failing to indicate that the debt collector is attempting to collect a debt and/or that any information obtained will be used for that purpose.

**WHEREFORE**, Plaintiff, on behalf of himself and others similarly situated, demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class maximum statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest;

(f) Awarding reasonable attorneys' fees, costs and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated:   January 15, 2018                          Respectfully submitted,

                                                  By: s/ Lawrence C. Hersh
                                                      Lawrence C. Hersh, Esq.
                                                        17 Sylvan Street, Suite 102B
                                                        Rutherford, NJ  07070
                                                        (201) 507-6300
                                                        *Attorney for Plaintiff, and all others similarly situated*

### CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: January 15, 2018                          By: s/ Lawrence C. Hersh
                                                        Lawrence C. Hersh, Esq.